IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ESTATE OF DARREN ALAN HOWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs.   ) | Case No. CIV-09-645-D |
| ) | |
| JERRY WALLS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

This matter comes before the Court upon Plaintiff's Response to Order to Show Cause [Doc. No. 8], filed November 5, 2009.  Plaintiff was directed to show cause why this action should not be dismissed pursuant to Fed. R. Civ. P. 4(m) for lack of timely service of process.

The Response states that Plaintiff's attorney of record "has experienced a number of medical maladies" and difficulties with office staffing since the case was filed and Plaintiff has not located six defendants who no longer work for the law enforcement agencies allegedly involved in executing a search warrant at the decedent's residence and violating his constitutional rights. *See* Pl.'s Resp., ¶¶ 1-3. Regarding service, the Response states only: "Plaintiff has worked diligently to ascertain how best to effect service upon those defendants who have yet to be located and presently is attempting to effect service upon those whose whereabouts are believed to be known." *Id.* ¶ 5.

Rule 4(m) mandates an extension of the time period for service "if the plaintiff shows good cause for the failure" to serve a defendant within 120 days after the complaint is filed. *See* Fed. R. Civ. P. 4(m). Although the court of appeals has not conclusively defined "good cause" for purposes of Rule 4, the court has determined that the term "requires a greater showing than 'excusable neglect.'" *See Broitman v. Kirkland* (*In re Kirkland*), 86 F.3d 172, 175 (10th Cir. 1996); *see also*

*Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987). "[S]imple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required." *Putnam*, 833 F.2d at 905 (internal quotations omitted); *see also Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 (10th Cir. 1991) (finding an insufficient showing where plaintiff offered "no valid excuse for allowing a significant portion of the time for service to run"). "The plaintiff who seeks to rely on the good cause provision must show meticulous efforts to comply with the rule." *Kirkland*, 86 F.3d at 176.

In this case, Plaintiff does not explain how counsel's medical or staffing issues prevented timely service nor what efforts to locate or serve the defendants were made.[1] Plaintiff essentially offers no excuse for failing to serve two defendants whose locations are known. From a review of the Complaint, it appears that Plaintiff, like the plaintiff in *Putnam*, waited until the last day to commence an action within the limitations period and then did not make diligent efforts to serve the defendants with process.[2] *See Putnam*, 833 F.2d at 905; *see also Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994) (noting the expiration of a statute of limitations does not supply "good cause"). Therefore, the Court finds that Plaintiff has failed to show good cause for the lack of service.

The question thus becomes whether a permissive extension of time under Rule 4(m) is warranted. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). At this point, the Court "may in its discretion either dismiss the case without prejudice or extend the time for service."

---

[1] The Response refers only to unanswered "inquiries regarding the whereabouts" of the former-employee defendants and undefined "attempts" to locate them. *See* Pl.'s Resp., ¶ 4.

[2] The Complaint alleges the incident occurred on June 18, 2007. Plaintiff asserts claims under 42 U.S.C. § 1983 and Oklahoma's wrongful death statute, which both have a two-year statute of limitations. The Complaint was filed June 18, 2009.

*Id*. One factor that may weigh against the dismissal of an action is a showing that a refiled action would be time barred. *See Espinoza*, 52 F.3d at 842; *see also Despain*, 13 F.3d at 1439. Plaintiff does not address this factor or otherwise present any reason why the Court should extend the time period for service, which expired October 16, 2009. Plaintiff requests an extension "for an appropriate period" without identifying any circumstances that would permit the Court to determine a reasonable amount of additional time. Nevertheless, because this is Plaintiff's first request for an extension of time, and because it appears a dismissal would raise timeliness concerns, the Court will allow a limited period of additional time for service in order to provide Plaintiff an opportunity to avoid a dismissal of the action.

IT IS THEREFORE ORDERED that the Court grants Plaintiff an additional 40 days from the date service was originally due to accomplish service of process. Plaintiff must effect service of process on the defendants by November 25, 2009, and file proof of service by November 30, 2009, or the Court may order the dismissal without prejudice of this action.

IT IS SO ORDERED this 9th day of November, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE